**This order is SIGNED.**

**Dated: September 5, 2019**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*slo*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>MICHAEL M. SMITH,<br><br>Debtor. | Bankruptcy Number: 17-22743<br><br>Chapter 7 |
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>Plaintiffs,<br>vs.<br><br>MICHAEL M. SMITH,<br><br>Defendant. | Adversary Proceeding No. 17-02076<br><br>Hon. Kevin R. Anderson |

MEMORANDUM DECISION RE: (1) ATTORNEY'S FEES AND COSTS AWARDED IN DISTRICT COURT JUDGMENT; (2) ATTORNEY'S FEES AND COSTS INCURRED BY PLAINTIFFS IN ADVERSARY PROCEEDING; AND (3) POST-JUDGMENT INTEREST

First American Title Insurance Company and First American Title Company, LLC (collectively "First American") filed a nondischargeability complaint against Michael M. Smith ("Debtor") alleging breach of fiduciary duty under 11 U.S.C. § 523(a)(4) and willful and malicious

injury under § 523(a)(6). Before going to trial, First American dismissed its cause of action for breach of fiduciary duty under 11 U.S.C. § 523(a)(4). On July 10, 2019 the Court entered a Memorandum Decision Finding that Defendant's Debt to Plaintiffs is Non-Dischargeable Under 11 U.S.C. § 523(a)(6)[1] and an accompanying Order.[2] The Order set a supplemental hearing on whether the following amounts should be included in a nondischargeable judgment pursuant to 11 U.S.C. § 523(a)(6):[3] (1) the amount of attorney's fees and costs awarded in the District Court Litigation; (2) post-petition post-judgment interest; and (3) attorney's fees and costs incurred by the Plaintiffs in litigating the Bankruptcy Court Adversary Proceeding.[4] In the Order, the Court invited the parties to submit position papers, which they did on August 2, 2019.[5]

The Court held a hearing on August 8, 2019. Matthew Lalli and Mark Morris appeared on behalf of First American and Jeremy Sink appeared on behalf of the Debtor. No other appearances were noted on the record. The Court heard oral argument from the parties before taking the matter under advisement. The Court instructed First American to send the Court a spreadsheet by August 15, 2019 setting forth requested interest amounts based upon the judgment from the District Court Litigation. First American provided the spreadsheet to the Court and to opposing counsel on August 13, 2019.

---

[1] Case No. 17-02076, ECF No. 48. An Amended Memorandum Decision was entered on July 25, 2019 to correct an unprintable footnote in the original decision. ECF No. 50. All subsequent references to the docket will be to Case No. 17-02076 unless otherwise specified.

[2] ECF No. 49.

[3] All subsequent references to the United States Code are to Title 11 unless otherwise specified.

[4] ECF No. 49.

[5] ECF Nos. 51, 52.

Having carefully considered the parties' oral and written arguments and having conducted its own independent research of the relevant case law, the Court issues the following Memorandum Decision.[6]

## I. JURISDICTION, NOTICE, AND VENUE

The Court's jurisdiction over this adversary proceeding is properly invoked under 28 U.S.C. § 1334(b) and § 157(a) and (b)(2).[7] The Court's Memorandum Decision[8] entered on July 10, 2019 provided that the Court would hold a supplemental hearing on the amount of the debt that is nondischargeable pursuant to § 523(a)(6). The Court entered an Order setting the supplemental hearing on August 8, 2019 and notice was provided to the parties' counsel via the electronic court filing system. Neither party raised a notice objection at the hearing. Therefore, the Court finds that notice of the supplemental hearing and the Court's consideration of the same was proper.

## II. PROCEDURAL BACKGROUND AND RELEVANT FACTS

The disputes at issue are legal rather than factual in nature based on the parties' interpretation of the relevant caselaw. Therefore, at the supplemental hearing the Court did not receive evidence and only heard oral argument. However, the Court finds it helpful to set forth certain relevant procedural background facts which inform the Court's analysis of these issues. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of matters not reasonably subject to dispute in the docket in the underlying Chapter 7 bankruptcy case and in the adversary proceeding.

---

[6] This decision constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052.

[7] In the Stipulated Pretrial Order, the parties stated that this Court's jurisdiction is not disputed (ECF No. 35).

[8] ECF No. 48.

1. On April 3, 2015, First American filed an action in the United States District Court for the District of Utah (the "District Court"), Civil No. 2:15-cv-00229 against the Debtor and others for, among other things, breach of contract, tortious interference with contract, breach of fiduciary duty, misappropriation of trade secrets, and unfair competition.[9]

2. In December 2016 the District Court held a three-week jury trial.

3. On December 30, 2016 the District Court entered a Judgment in favor of First American and against Michael Smith in the amount of $1,625,000.00 in compensatory damages.[10]

4. In addition, the District Court's judgment awarded post-judgment interest pursuant to 28 U.S.C. § 1961 to be calculated from the date of the judgment "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date the judgment is entered."[11]

5. The District Court also awarded First American attorney fees and costs in the total amount of $3,141,122.23[12] comprised of the following: (1) $88,006.44 in attorney fees for Debtor's breach of fiduciary duty; (2) $2,802,344.52 in attorney fees for Debtor's breach of contract; and (3) $250,771.27 in costs.[13]

6. In this bankruptcy adversary proceeding, the parties submitted a Stipulated Pretrial Order that the Court entered on April 2, 2019.[14]

---

[9] ECF No. 35, ¶ 11.
[10] ECF No. 53, Exhibit 1.
[11] ECF No. 53, Exhibit 1.
[12] ECF No. 51, p. 3.
[13] ECF No. 53, Exhibits 2 and 3.
[14] ECF No. 34 and 35.

7. In the uncontroverted facts section, the Stipulated Pretrial Order provided: "The Court granted an award of attorneys' fees and costs to First American and against Mike Smith and others in the amount of $3,097,816.36."[15]

8. In the Memorandum Decision Finding that Defendant's Debt to Plaintiffs is Non-Dischargeable under 11 U.S.C. § 523(a)(6), the Bankruptcy Court relied on the parties' Stipulated Pretrial Order in finding that the "[District] Court granted an award of attorneys' fees and costs to First American and against the Debtor and others in the amount of $3,097,816.36."[16]

## III. DISCUSSION

### A. Attorney's Fees and Costs Awarded to First American by the District Court are Nondischargeable in the Amount of $3,097,816.36.

Is it undisputed that the nondischargeable judgment should include the attorney's fees and costs awarded to First American by the District Court.[17] However, based on the pretrial order in the bankruptcy court litigation, the parties dispute the amount of attorney's fees and costs that are nondischargeable.

First American asserts that the nondischargeable amount of attorney fees and costs is the $3,141,122.23 awarded by the District Court.[18] However, the Debtor argues that this amount should be limited to the $3,097,816.36 listed in the Stipulated Pretrial Order.[19] The difference between the two figures is $43,305.87. At the hearing on August 8, 2019, Plaintiff's Counsel conceded that this discrepancy was the result of a mathematical error, and that it could be considered immaterial under the circumstances.[20]

---

[15] ECF No. 35, ¶ 17.
[16] ECF No. 50, Part II, H, ¶ 112 (citing to ECF No. 35, ¶ 17).
[17] ECF No. 51 and 52.
[18] ECF No. 51, p. 3.
[19] ECF No. 35.
[20] 08/08/19 Hearing at 2:10:46 p.m. to 2:11:29 p.m.

Pursuant to Fed. R. Civ. P. 16(e), as made applicable to bankruptcy matters by Fed. R. Bankr. P. 7016, a final pretrial order serves to "formulate a trial plan."[21] As noted by the Tenth Circuit, "[f]inal pretrial orders encourage both sides to edit their scripts, peel away any pleading and discovery bluster, and disclose something approximating their real trial intentions to opposing counsel and the court."[22] Local Rule 7016(h) provides that after the Court enters the final form of the pretrial order, "the order will control the course of the trial and may not be amended except by consent of the parties and the court or by order of the court to prevent manifest injustice . . . . The pleadings will be deemed merged into the order."[23] A pretrial order "is the result of a process in which counsel define the issues of fact and law to be decided at trial, and it binds counsel to that definition."[24]

Essentially, First American is requesting a post-trial modification of an uncontested fact in the Stipulated Pretrial Order. The standard for modification of a final pretrial order is set forth in Fed. R. Civ. P. 16(e), which provides "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice."[25] "The burden of establishing injustice falls squarely on the moving party."[26] The standard for modification of a final pretrial order is high "to ensure everyone involved has sufficient incentive to fulfill the order's dual purposes of encouraging self-editing and providing reasonably fair disclosure to the court and opposing parties alike of their real trial intentions."[27]

---

[21] Fed. R. Civ. P. 16(e).
[22] *Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015).
[23] Utah Local Bankr. R. 7016(h).
[24] *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987).
[25] Fed. R. Civ. P. 16(e) as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7016.
[26] *R.L. Clark Drilling Contractors, Inc..*, 835 F.2d at 1308.
[27] *Monfore*, 778 F.3d at 851.

The Court sees no "manifest injustice" in holding First American to the facts stipulated to in the Pretrial Order, especially considering that First American's counsel felt that the $43,000 difference was not material under the circumstances of this case. Therefore, the nondischargeable amount of the attorney's fees and costs awarded by the District Court in favor of First American and against the Debtor will be the sum set forth in the Stipulated Pretrial Order of $3,097,816.36.

    **B.    Under the American Rule, First American is Not Entitled to an Award of Attorney's Fees Incurred in the Prosecution of its Cause of Action Under § 523(a)(6) for Willful and Malicious Injury.**

First American seeks to recover its attorney's fees and costs incurred in its successful prosecution of its nondischargeability action against the Debtor under § 523(a)(6) for willful and malicious injury. The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."[28] In this case, neither the Bankruptcy Code[29] nor the Utah Code provides "explicit statutory authority"[30] to award attorney's fees to First American for prosecuting an action under § 523(a)(6).[31] Consequently, First American asserts it is entitled to recover attorney fees pursuant to the contractual terms of the Debtor's employment agreement, which provides as follows:

> f. <u>Attorney's Fees</u>. In the event any action be instituted by either party to interpret or enforce any of the terms or conditions of this Agreement, the prevailing party shall be entitled to recover attorney's, accountant's, and expert witness fees and costs.[32]

---

[28] *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (citation omitted).

[29] *See Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997) ("No general right to attorney fees exists under the Bankruptcy Code.")

[30] *Baker Botts*, 135 S. Ct. at 2164 ("We consequently will not deviate from the American Rule 'absent explicit statutory authority.'") (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 814 (1994)).

[31] Section 523(d) does allow attorney's fees, but only for a debtor that successfully defends a substantially unjustified action brought by a creditor under § 523(a)(2).

[32] Plaintiff's Trial Exhibit 3, at 003-004.

First American also refers to Utah Code Ann. § 78B-5-826, which states:

<u>Attorney fees — Reciprocal rights to recover attorney fees</u>. A court may award costs and attorney fees to either party that prevails **in a civil action based upon** any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.[33]

Finally, First American relies on the Supreme Court's decision in *Travelers Casualty & Surety Co. v. Pacific Gas & Electric*,[34] which holds that the "Bankruptcy Code [does not] disallow[] contract-based claims for attorney's fees based solely on the fact that the fees at issue were incurred litigating issues of bankruptcy law."[35] First American thus argues that because its § 523(a)(6) action against the Debtor was in furtherance of efforts to "enforce" the terms of the Employment Agreement, it is entitled to recover its attorney's fees.

However, First American's § 523(a)(6) action was not based in contract but on the Debtor's intentionally tortious[36] conduct in the formation of Northwest Title. As a result, it does not qualify as an effort to "interpret or enforce" the Employment Agreement.[37] Further, the nondischargeable debt arises from the judgment rather than an amount owing under a note or contract. In the

---

[33] Utah Code Ann. 78B-5-826 (emphasis added).

[34] *Travelers Cas. & Sur. Co. v. Pac. Gas & Electric*, 127 S. Ct. 1199 (2007).

[35] *Id.* at 1204.

[36] *Kawaauhau v. Geiger*, 118 S. Ct. 974 (1998) (holding that the discharge exception under § 523(a)(6) is confined to debts based on intentional tort).

[37] *See America First Credit Union v. Gagle (In re Gagle)*, 230 B.R. 174 (Bankr. D. Utah 1999) (ruling that *Cohen v. de la Cruz*, 118 S. Ct. 1212 (1998) did not alter application of the American Rule to nondischargeability actions, so creditor's attorney's fees were denied because the § 523(a)(6) action sounded in tort and not in contract); *Bd. of Trs. v. Quinones (In re Quinones)*, 2015 Bankr. LEXIS 4348, 2015 WL 9412851 (Bankr. N.D. Cal. Dec. 19, 2015) (while the debtor-creditor relationship arose out of a contract, the debtor's actions under § 523(a)(4) for defalcation of fiduciary duty and embezzlement were independent of the contract's rights and responsibilities and were instead based in tort, for which the recovery of attorney's fees was not permitted); *Bertola v. N. Wis. Produce Co. (In re Bertola)*, 317 B.R. 95, 100-01 (9th Cir. B.A.P. 2004) (denying creditor's attorney fees in actions under §§ 523(a)(2)(A) and (a)(6) because the contract was merely a "factual predicate to the action" and "not the essential basis of it"); *Marshak v. Vidov (In re Vidov)*, 2014 Bankr. LEXIS 3269, 2014 WL 3766722 (9th Cir. B.A.P. July 31, 2014) (holding that attorney's fee provision in contract did not apply to creditor's § 523(a)(6) action because it was based on tort rather than contract); *In re Kakal*, 596 B.R. 335 (Bankr. S.D. Tex. 2019) (holding that creditor not entitled to attorney's fees in action under §§ 523(a)(4) and (a)(6) for selling a collateral out of trust because it was the debtor's conduct, and not the contract, that was the basis for the nondischargeable judgment).

procedurally similar case of *Jackson Lumber, Inc. v. Heath (In re Heath)*,[38] the debtor purchased construction materials but diverted payments to other parties. The creditor obtained a state-court judgment that included attorney's fees, the debtor then filed for bankruptcy, and the creditor ultimately prevailed on a § 523(a)(6) action.[39] The creditor requested attorney's fees for prosecuting the bankruptcy action, and the debtor objected. The bankruptcy court held that the § 523(a)(6) action was not an effort to collect on the contract because the debt owing thereon, including the attorney's fees, were merged into the judgment. Thus, the "gravamen of the § 523(a)(6) claim was not the commercial transaction involved in Creditor's extension of credit to Kinetic, but, rather, was Debtors' tortious conspiracy to wrongfully divert monies from Creditor to themselves."[40] Accordingly, the court held that the creditor was not entitled to attorney's fees under either contract or state law.

Likewise, in this case, First American did not seek to enforce or interpret the Employment Agreement, but the gravamen of its § 523(a)(6) action was to have the District Court judgment, including the District Court's award of attorney's fees, declared nondischargeable in bankruptcy based on the Debtor's tortious conduct. It is true that the Court considered the District Court's findings that the Debtor breached the Employment Agreement, but that was in the context of applying the preclusive effect of those findings as to whether the Debtor subjectively intended to willfully and maliciously harm First American. Therefore, the basis for nondischargeability under § 523(a)(6) was the Debtor's tortious actions regarding the formation of Northwest Title and not

---

[38] 2011 Bankr. LEXIS 2502, 2011 WL 2566506 (Bank. D. Idaho Mar. 28, 2011).

[39] 2011 Bankr. LEXIS 2502 at *4, 2011 WL 2566506 at *2.

[40] 2011 Bankr. LEXIS 2502 at *10, 2011 WL 2566506 at *4.

the Employment Agreement.[41] Furthermore, attorney's fees in tort actions are only recoverable if there is explicit statutory authority to do so,[42] and as noted above, there is no such statutory authority.

The reciprocal attorney fees statute set forth in Utah Code Ann. § 78B-5-826 is likewise unhelpful to First American. As noted by the Utah Supreme Court, Utah's reciprocal fee statute:

> [L]evels the playing field by allowing both parties to recover fees where only one party may assert such a right under contract, remedying the unequal allocation of litigation risks built into many contracts of adhesion. In addition, this statute rectifies the inequitable common law result where a party that seeks to enforce a contract containing an attorney fees clause has a significant bargaining advantage over a party that seeks to invalidate the contract.[43]

Two conditions must be met to satisfy Utah's reciprocal attorney fees statute: (1) "the underlying litigation must be based upon a contract in the sense that a party to the litigation must assert the writing's enforceability as basis for recovery",[44] and (2) "the provisions of the contract 'must allow at least one party to recover fees if that party had prevailed.'"[45] In this case, the first condition is absent because, as previously held, the underlying bankruptcy litigation is based in tort and not on the Employment Agreement. Thus, First American is not entitled to recover its attorney's fees incurred in this Adversary Proceeding.[46]

---

[41] *See Bd. of Trs. V. Quinones (In re Quinones)*, 2015 Bankr. LEXIS 4310, 2015 WL 9412851 (Bankr. N.D. Cal. Dec. 19, 2015) (ruling that while the contract was necessary to establish a fiduciary duty, the findings of its breach under § 523(a)(4) were based on the debtor's tortious conduct; therefore, it was not an action on the contract, and attorney's fees could not be awarded).

[42] Restatement (First) of Torts § 914 (1939), comment c provides: "Aside from statutory provisions, a successful party in an action of tort is not entitled to compensation for loss of time, attorney fees or other expenses in the conduct of the litigation." *See also State v. Brown*, 342 P.3d 239, 243 (Utah 2014) (acknowledging that "the longstanding, well-settled rule of the Restatement [of Torts] generally forecloses recovery of costs or expenses incurred in the maintenance of, or related to, [tort] litigation.").

[43] *Bilanzich v. Lonetti*, 160 P.3d 1041, 1046 (Utah 2007).

[44] *Beckman v. Cybertary Franchising LLC*, 424 P.3d 1016, 1036 (Utah Ct. App. 2018) (quoting *Hooban v. Unicity Int'l, Inc.*, 285 P.3d 766, 768 (Utah 2012)).

[45] *Id.* (quoting *Hooban*, 285 P.3d at 766).

[46] *See also Sierra Elec. Co. v. George & Karla Schikore (In re George & Karla Schikore)*, 2013 Bankr. LEXIS 444, at *3, 2013 WL 432635, at *1 (Bankr. N.D. Cal. Feb. 1, 2013) (denying fees to debtor who successfully defended § 523 action involving a guaranty because "fee-shifting provisions in contracts are narrowly construed, and

First American also noted that the District Court found that the Debtor had breached his fiduciary duty as First American's attorney.[47] An action to prosecute a breach of fiduciary duty is an exception to the American Rule in tort cases.[48] However, First American did not (and could not) have pursued a nondischargeability action for breach of fiduciary duty under § 523(a)(4) because the duty did not arise under an express or technical trust[49] but was instead based on the attorney-client relationship.[50] Further, while the Debtor's breach of the fiduciary relationship was factually relevant to the issue of the Debtor's subjective intent, it was not the "essential basis"[51] for First American's § 523(a)(6) action. Therefore, the District Court's finding of a breach of fiduciary duty does not activate the exception to the American Rule for purposes of this Adversary Proceeding.

In summary, First American's action under § 523(a)(6) arises from the Debtor's tortious conduct in the formation of Northwest Title and the taking of its employees and customers. The American Rule precludes First American's recovery of attorney's fees in the absence of an applicable statutory or contractual provision. There is no statutory basis under the Bankruptcy Code or the Utah Code expressly authorizing fees in such actions. Further, because First

---

a party is permitted to recover its fees from the other party to the contract only when the language is 'unmistakably clear' that the parties intended the provision to apply to the fees at issue.") (quoting *In re Latshaw Drilling, LLC*, 481 B.R. 765, 795 (Bankr. N.D. Okla. 2012)).

[47] ECF No. 35, ¶ 13 (Stipulated Pretrial Order) ("The court found that Mike Smith had a fiduciary duty to First American while employed by First American, [and] the jury found that he breached that fiduciary duty . . . .").

[48] *Kealamakia, Inc. v. Kealamakia*, 213 P.3d 13, 15 (Utah Ct. App. 2009) (citation omitted) ("[B]reach of a fiduciary obligation is a well-established exception to the American rule precluding attorney fees in tort cases generally.") (quoting *Campbell v. State Farm Mut. Auto. Ins. Co.*, 65 P.3d 1134, 1169 (Utah 2001), *rev'd on other grounds*, 538 U.S. 408 (2003)).

[49] *See Fowler Bros. v. Young*, 91 F.3d 1367, 1371 (10th Cir. 1996) (holding that an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4), and that the attorney-client relationship is thus insufficient).

[50] ECF No. 50, ¶ 13 (Amended Memorandum Decision) ("The Debtor recognized that he was a lawyer for First American and that First American was his client. The Debtor also recognized that as its attorney, he owed a fiduciary duty and a duty of undivided loyalty to First American relating to the scope of his representation up until the time he resigned.").

[51] *In re Bertola*, 317 B.R. 95, 100-01 (9th Cir. B.A.P. 2004).

American's § 523(a)(6) action arose in tort and not in contract, First American is not entitled to fees under the Employment Agreement. For these reasons, the Court must deny First American's request for its attorney's fees in prosecuting this Adversary Proceeding.

### C. Under Bankruptcy Rule 7054(b)(1), First American is Entitled to Submit a Bill of Costs Arising From its Prosecution of this Adversary Proceeding.

Under Bankruptcy Rule 7054(b)(1), costs may be awarded to the prevailing party in an adversary proceeding when not prohibited by federal statute or the Bankruptcy Rules. With its permissive language, an award of costs under Bankruptcy Rule 7054(b)(1) is within the sound discretion of the bankruptcy court.[52] First American is the prevailing party, and there is no statutory prohibition to the award of costs. The allowable costs are set forth in 28 U.S.C. § 1920. Within twenty-one (21) days following the entry of this order, First American may submit a Bill of Costs by following the procedure set forth in Local Rule 7054-1. If a Bill of Costs is not timely filed, First American will be deemed to have waived its claim for costs.

### D. As a Matter of Issue Preclusion, the Appropriate Post-Judgment Interest Rate is That Set Forth in the District Court Judgment.

First American contends that it is entitled to post-judgment post-petition interest on the full amount of the Debtor's nondischargeable debt. First American's supplemental brief did not address post-judgment pre-petition interest awarded by the District Court, but indicated at the hearing that it intended to seek such interest.[53] The Debtor contends that the bankruptcy court "can proceed at its discretion as to whether it awards post-judgment interest" and asserts that because

---

[52] *AG N.M., FCS, ACA v. Borges (In re Borges)*, 2014 Bankr. LEXIS 1464, at *13, 2014 WL 1364956, at *4 (10th Cir. B.A.P. Apr. 8, 2014).

[53] ECF No. 51.

the principal will likely not be paid "before Mr. Smith's death" that interest should not be awarded.[54]

First American separates its calculation of interest into two categories: (1) the interest accruing after the District Court judgment and before the Debtor's bankruptcy petition ("post-judgment pre-petition"); and (2) the interest accruing after the Debtor's bankruptcy petition to the present ("post-judgment post-petition"). However, such a separation is not necessary in this case because the District Court judgment set forth the appropriate interest rate which continued to accrue despite the bankruptcy filing because the judgment debt is now determined to be nondischargeable under the Bankruptcy Code.

In a nondischargeability action, where there is a pre-petition, federal court judgment, the bankruptcy court is only addressing whether the judgment debt is dischargeable and not whether the debt exists or its amount.[55] Thus, the Court must consider the preclusive effect of the District Court's judgment as to the amount of the nondischargeable debt.[56]

> The classic example of the proper use of issue preclusion in discharge proceeding is when the amount of the debt has been determined by the state court and reduced to judgment. In that event, if there are no new issues, the bankruptcy court should ordinarily decline to allow the parties to relitigate the debt amount and should give the state court judgment as to the amount of preclusive effect.[57]

Therefore, the Bankruptcy Court is technically not issuing a new money judgment, but is rather making a ruling that the District Court's money judgment is nondischargeable under

---

[54] ECF No. 52.

[55] *Hamilton v. Elite of Los Angeles, Inc. (In re Hamilton)*, 584 B.R. 310, 322-24 (9th Cir. B.A.P. 2018).

[56] ECF No. 50 (Amended Decision); *First American Title Insurance Co. v. Smith (In re Smith)*, 2019 Bankr. LEXIS 2064, at *32-33, 2019 WL 3026851, at *14-15 (Bankr. D. Utah July 10, 2019) (examining the preclusive effect of the District Court litigation on the existence of First American's injuries and the amount of the debt).

[57] *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 872 (9th Cir. 2005); *see also Comer v. Comer (In re Comer)*, 723 F.2d 737, 740 (9th Cir.1984); *Maljamar Fuel Stop, LLC v. Sherman*, 2018 WL 3617660, at *7 (Bankr. D. N.M. July 26, 2018) (holding that the prior state court judgment capped the amount of nondischargeable damages because the judgment, "which was premised on the same actions that formed the basis of [plaintiff's] § 523(a)(2)(A) claim, must be given preclusive effect.").

§523(a)(6). Therefore, the rate of interest set forth in the District Court judgment is the proper rate of interest on the nondischargeable debt.[58]

## IV. CONCLUSION

The Court agrees that First American's attorney's fees and costs awarded to First American by the District Court are nondischargeable. However, the Court will limit the award of such attorney's fees and costs to the amount agreed upon by First American and the Debtor in the Stipulated Pre-Trial Order, which is $3,097,816.36. As to First American's attorney fees and costs incurred in prosecuting its nondischargeable action, the Court finds that there is no statutory basis to award fees and costs and because this action arose in tort rather than contract, the American Rule precludes such an award. However, the Court will allow First American to submit a bill of costs arising from prosecution of this adversary proceeding under Bankruptcy Rule 7054(b)(1). Finally, the interest rate set forth in the District Court judgment shall remain the rate of interest on the nondischargeable District Court judgment, irrespective of the bankruptcy filing. The Court will enter an Order consistent with this Memorandum Decision.

---

[58] *In re Hamilton*, 584 B.R. at 324 (holding the "because the bankruptcy court did not enter a new money judgment, the bankruptcy court should not have eliminated or reduced any of the interest that is an integral part of the State Court Judgment.").

———ooo0ooo———

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing MEMORANDUM DECISION RE: (1) ATTORNEY'S FEES AND COSTS AWARDED IN DISTRICT COURT JUDGMENT; (2) ATTORNEY'S FEES AND COSTS INCURRED BY PLAINTIFFS IN ADVERSARY PROCEEDING; AND (3) POST-JUDGMENT INTEREST shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- Gregory J. Adams    gadams@mbt-law.com

- Tim Dance    tdance@swlaw.com,

  docket_slc@swlaw.com;snielsen@swlaw.com;csmart@swlaw.com

- Matthew L. Lalli    mlalli@swlaw.com

- Mark O. Morris    mmorris@swlaw.com, wkalawaia@swlaw.com;csmart@swlaw.com

- Jeremy C. Sink    jsink@mbt-law.com


**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

None.